**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO TRANSIT AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., <br><br> Defendants. | Case No. 1:26-cv-3140 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND**
**FILING DEADLINES**

Pursuant to this Court's Minute Order of May 26, 2026, *see* ECF No. 44, Plaintiff Chicago Transit Authority ("CTA") respectfully submits this memorandum addressing its opposition to Defendants' motion for an extension of the briefing schedule. *See* ECF No. 43.

CTA appreciates the Court's previously expressed desire for the parties to consider resolving this matter through a settlement, thereby avoiding the need for further litigation. Consistent with that desire, counsel for CTA has engaged in good-faith settlement negotiations with counsel for Defendants. And CTA did not oppose Defendants' prior request for a two-week extension of the briefing schedule, providing further opportunity for those negotiations to occur. *See* ECF No. 41. Without divulging the substance of the ongoing negotiations, however, it is currently unclear to CTA whether a mutually agreeable resolution of this matter will be possible.

Accordingly, CTA does not seek to end the current settlement negotiations, but believes the most productive path forward is for the negotiations to occur simultaneously with the briefing schedule. That approach would provide further opportunity to resolve this matter through

1

settlement, while also avoiding any further delay in this matter—*i.e.*, resolving CTA's motion for a preliminary injunction, followed by merits proceedings seeking permanent injunctive relief.

Defendants' motion asserts that, because the Court has entered a temporary restraining order, there is no prejudice to CTA from a further extension. ECF No. 43 ¶ 10. But the Court's temporary restraining order is just as its name suggests—temporary. Ultimately, CTA and its employees, contractors, and riders need certainty about whether federal funding will remain available beyond expiration of the current TRO. Without that certainty, CTA cannot engage in the long-term planning necessary for the type of massive, multi-year infrastructure projects at issue in this case. And that certainty is simply not possible if the briefing schedule is continually extended two weeks at a time without accompanying progress in settlement negotiations. Each additional extension of the briefing schedule delays CTA's access to more permanent forms of relief, namely a preliminary injunction and, ultimately, a permanent injunction. That is why CTA prefers that litigation and settlement negotiations occur simultaneously—so that settlement negotiations do not further delay this litigation and the long-term certainty that CTA requires.

CTA appreciates that its proposal for simultaneous briefing and negotiations could result in potentially unnecessary filings if the parties resolve this matter through a settlement. But CTA respectfully submits that prospect is a relatively minor inefficiency, compared to the real-world lack of certainty that CTA faces while its access to federal funding is preserved only by virtue of this Court's TRO. Indeed, the deadline that Defendants are seeking to extend is their deadline for *opposing restoration of CTA's funding*. Defendants' continued opposition to that relief only highlights the uncertainty that CTA currently faces.

To the extent that Defendants are committed to resolving this matter through a settlement but simply believe more time is needed, they are free to consent to entry of CTA's requested

2

preliminary injunction and thereby provide the parties additional time to discuss a potential settlement before further merits proceedings occur. Insofar as Defendants continue to oppose entry of such relief, however, CTA believes the parties should continue briefing the preliminary-injunction motion contemporaneous with any settlement negotiations. That approach would avoid delay while still providing the parties substantial time to pursue a potential settlement before briefing is complete and this Court must decide CTA's motion for a preliminary injunction.

CTA therefore respectfully requests that this Court deny Defendants' motion, and direct that briefing on the preliminary-injunction motion continue on the existing schedule. In the alternative, if the Court is inclined to grant the extension, CTA respectfully requests that the Court indicate that any further settlement-related extensions likely will not be granted absent both parties' agreement.

Dated: May 27, 2026

Jeffrey C. Bora
CHICAGO TRANSIT AUTHORITY
567 W. Lake Street, 6th Floor
Chicago, Illinois 60661
Tel: (312) 681-3110
JBora@transitchicago.com

Respectfully submitted,

By: */s/ Andrianna D. Kastanek*
Andrianna D. Kastanek
Terri Mascherin
Jason M. Bradford
Simon A. de Carvalho
JENNER & BLOCK LLP
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
AKastanek@jenner.com
TMascherin@jenner.com
JBradford@jenner.com
SdeCarvalho@jenner.com

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 27, 2026, I filed the foregoing motion with the Clerk of Court

for the U.S. District Court for the Northern District of Illinois using the Court's CM/ECF system.

<u>/s/ Andrianna D. Kastanek</u>
Andrianna D. Kastanek